UNITED STATES of America,
Plaintiff-Appellee,

v.

Don COUCH, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Larry COUCH, Defendant-Appellant.

Nos. 79–5213, 79–5214.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 30, 1980.

Decided March 3, 1980.

Rehearing Denied April 22, 1980.

Certiorari Denied April 21, 1980.
See 100 S.Ct. 1843.

Eldon L. Webb, Lexington, Ky., for defendant-appellant in No. 79–5213.

Robert W. Willmott, Jr., Lexington, Ky. (Court Appointed—CJA), for defendant-appellant in No. 79–5214.

Patrick H. Molloy, U. S. Atty., Marilyn S. Daniel, Joseph Famularo, Lexington, Ky., for plaintiff-appellee in both cases.

Before EDWARDS, Chief Judge, KEITH, Circuit Judge, and WISEMAN,* District Judge.

PER CURIAM.

This appeal concerns three brothers against whom, in separate counts, the United States brought charges of committing a burglary of a post office at Ned, Kentucky, and an armed robbery of a post office at Waddy, Kentucky. One of the brothers, Leon, pled guilty to both felonies and is not involved in this appeal, except that he gave exculpatory evidence at the joint trial of his brothers, Don and Larry, to the effect that neither had anything to do with either offense.

Larry Couch at trial was identified positively by the postmaster who was robbed at the Waddy holdup and was thoroughly inculpated by other evidence concerning the Waddy offense. As to him we find no abuse of judicial discretion in the District Judge's refusal of severance or in his rulings on admission of evidence.

As to Don Couch, the situation is somewhat different. He was charged only in the Waddy Post Office holdup, and only with aiding and abetting. The record clearly indicates that he was never in the post

* Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

office during the holdup. There was, however, a considerable amount of evidence concerning his having in his possession after the event various items which had been taken in the Waddy holdup. More important, three witnesses testified to Don Couch's separate statements to each concerning his role as the driver of the car used by Larry and Leon Couch on the day of the Waddy holdup, both before and after the crime. The evidence presented was sufficient to warrant the District Judge's denying the motion for acquittal on behalf of Don Couch and to sustain the jury verdict.

Finding no reversible error, the judgments of conviction are affirmed.